STATE v. ABRAM SMITH.

$$\boxed{\begin{array}{cc} 46 & 491 \\ 57 & 349 \end{array}}$$

An averment in an indictment that the defendant "unlawfully, wilfully and wantonly sent" an indecent letter to a female, is not sufficient to show an offence under a statute which makes it a misdemeanor "wilfully and wantonly" to send such a letter to a female, "without lawful purpose in sending the same."

On motion to quash indictment.

Argued at June Term, 1884, before Justices KNAPP, DIXON and PARKER.

For the defendant, *P. W. Stagg.*

For the state, *A. D. Campbell.*

The opinion of the court was delivered by

DIXON, J.    The defendant was indicted in the Bergen county Oyer and Terminer, under the act to suppress the sending of indecent communications, approved March 29th, 1878. *Pamph. L., p.* 211.

This act makes it a misdemeanor for any person wilfully and wantonly to send or convey to any female, against her will and consent, any insulting, indecent, lascivious, disgusting, offensive or annoying letter or communication, without lawful purpose in sending or conveying the same.

The indictment charges the defendant with unlawfully, wilfully and wantonly sending such a letter to R. A., a female, against her will and consent, but does not allege that he did so without lawful purpose in sending the same. For this defect the defendant moves to quash the indictment.

As to statutory offences, the invariable rule is that every fact mentioned in the statute as constituting the crime must be averred in the indictment. *Zabriskie* v. *State,* 14 *Vroom* 640.

The absence of a lawful purpose in sending the communication is undoubtedly made by the statute a necessary ingredient of the offence, and therefore if the indictment does not charge it, it is insufficient. The prosecutor, conceding this, claims that the requisite allegation appears in the statement that the defendant *unlawfully sent* the letter. The question therefore is whether this is necessarily an equivalent averment, for no intendment can be made against the defendant.

We think that it plainly is not. The statement that the defendant unlawfully sent the letter may be based upon some idea that the mode of sending it was unlawful. It does not necessarily indicate a want of lawful purpose in the mind of the defendant. We therefore cannot see, on the face of the indictment, that the grand jury were satisfied that the defendant had committed the statutory misdemeanor, and for this reason the indictment must be quashed.